RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 23 2018

JAMES N. HATTEN, Clerk
By: Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| DOROTHY R. SHEPARD | ) | Civil Action No: |
|  | ) |  |
| Plaintiff, | ) | **1 18-CV-1244** |
|  | ) |  |
| v. | ) | **JURY DEMAND** |
|  | ) |  |
| BELK, INC., (DE); | ) |  |
|  | ) |  |
| J. C. PENNEY CORPORATION | ) |  |
| INC; | ) |  |
|  | ) |  |
| PAYLESS SHOE SOURCE INC., | ) |  |
|  | ) |  |
| Defendants | ) |  |

## ORIGINAL COMPLAINT

Plaintiff, Pro Se, Dorothy R. Shepard, by and through herself and for her

Complaint against the Defendants', BELK, INC., JCPENNEY, INC., and

PAYLESS SHOE SOURCE INC., and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and

relating to the conduct of Defendants, to include all of its affiliates, subsidiaries,

and/or related entities, as well as all persons and entities acting on behalf of

Defendants, including but not limited to Belk Inc., JcPenney Inc., and Payless Shoe Source Inc., in negligently, knowingly, and/or willfully contacting Plaintiff on her cellular telephone without her prior express written consent within the meaning of the TCPA. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*[1]

## JURISDICTION & VENUE

2. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Dorothy R. Shepard, (hereinafter, Plaintiff) is a natural person at all relevant times residing in county of Henry, State of Georgia.

5. Defendant Belk INC., is a domestic company with a corporate headquarters located at 2801 W. Tyvola Rd, Charlotte, NC, 28217.

6. Defendant JCPENNEY INC., is a domestic company with a corporate headquarters located at 6501 Legacy Dr, Plano, TX 75024.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

7. Defendant PAYLESS SHOE SOURCE INC., is a domestic company with a corporate headquarters located at 3231 S. E. Sixth St, Topeka, KS 66607.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

8. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity...(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9. Each Defendant has sent out thousands of unlawful text messages in violation of the TCPA. Be effectuating these unauthorized text message calls (also known as "SMS Messages"), Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies mobile spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such spam and such messages diminish cellular battery life, waste data storage capacity, and are an intrusion upon seclusion.

10. A short code is sent to consumers along with the actual text message and conclusively reveals the originator of the SMS message.

3

11. In order to redress these injuries, Plaintiff brings this suit under the TCPA, which specifically prohibits unsolicited voice and text calls to cell phones. All three Defendants, has sent unwanted text messages in a manner which violates the right of privacy of all consumers.

12. Text messages are "calls" within the context of the TCPA. See...Satterfield v. Simon & Schuster, Inc., 569 F.3d (9th Cir. 2009).

## FEDERAL COMMUNICATIONS COMMISSION(FCC)

13. The Federal Communications Commission (FCC) is the agency that Congress vested with the authority to issue regulations implementing the TCPA. The FCC Report and Order gave all Companies until October 16, 2013, to obtain "prior express written consent" before making a telemarketing call to a wireless number (either consumer or business) using an automated dialing system or an artificial or prerecorded voice, or before calling a residential line using such a voice to deliver the message." Further, the FCC interprets text messages to be "calls" under the TCPA, therefore, prior express written consent is required for both calls and texts.2

14. The FCC Order 12-21 at 1844, para 35-49 (2012) eliminated the Established Business Relationship (EBR). Specifically, 47 CFR 64.1200. Quoting the Order... Small businesses will not be able to rely on the EBR exemption as a proxy for consent to make telemarketing calls and instead will have to secure prior

4

express written consent from consumers.

15. In 2015, the FCC Order further defined the so-called "call-to-action" texts…where a consumer requests a code or information to get a discount on merchandise. This type of one-time text message sent immediately after a consumer's request does not violate the TCPA. The FCC reasoned that this type of responsive text is not "telemarketing," but rather "fulfillment of the consumer's request to receive the text," and that a call-to-action text does not run afoul of the TCPA so long as it "(1) is requested by the consumer; (2) is a one-time only message sent immediately in response to a specific consumer request; and (3) contains only the information requested by the consumer with no other marketing or advertising information. If a business sends more than a single text as a response to the consumer, however, our rules require **prior express written consent** with the specified disclosures. *In re Rules & Regs. Implementing the TCPA of 1991*, 30 FCC Rcd. 7961, 8015-16 (2015) ("*July 2015 Order*").

## ALLEGATIONS OF FACT FOR ALL DEFENDANTS

16. Plaintiff began receiving text messages from a short code belonging to Defendant Belk Inc., with a number of 23551 for discounts on merchandise as far back as she can remember.

17. All of the text messages that she received were similar in nature and stated:

**"BELK: BOGO is back! Buy 1, get 1 50% Off storewide! Beauty is Buy 1, Get 30% Off. No coupon req'd. Excl Apply.**

18.  Upon information and belief, Plaintiff received these type of text messages for

the last four years from short code #23551 up until the present day of 2018.

19.  Plaintiff began receiving text messages from a short code belonging to

Defendant JcPenney Inc., with a number of 527365 for discounts on merchandise

as far back as she can remember.

20.  All of the text messages that she received were similar in nature and stated:

**"Prices so low you don't need a coupon! Up to 60% off select apparel, home, shoes & accessories thru 2/25. In store only:  http://spr.ly/dtl.**

21.  Upon information and belief, Plaintiff received these type of text messages for

the last four years from short code #527365 up until the present day of 2018.

22.  Plaintiff began receiving text messages from a short code belonging to

Defendant Payless Shoe Source Inc., with a number of 747474 for discounts on

merchandise as far back as she can remember.

23.  All of the text messages that she received were similar in nature and stated:

**"PAYLESS EXTRA 25% off. Spring has Sprung! Shop New Arrivals & Must haves for the season Now! 251609738 or http://bit.ly/2D91g2H Exp2/25/18 Reply Help=Help**

24.  Upon information and belief, Plaintiff received these types of text messages

for the last four years from short code #747474 up until the present day of 2018.

25. After October 2013 deadline, and over the last four years, Plaintiff received over **two-hundred (200)** sms or text messages **separately** from each of the named **Defendants.**

26. Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA.

27. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time she received a text message call from the Defendants.

## COUNT I-DEFENDANT BELK, INC., VIOLATIONS OF TCPA
## 47 U.S.C. SECTION 227, ET SEQ.

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Using prohibited equipment and without prior express written consent, the Defendant Belk Inc., contacted the Plaintiff within the last four years at least over two-hundred (200) times by means of automatic text messaging to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

## COUNT II-DEFENDANT JCPENNEY INC.,VIOLATIONS OF TCPA
## 47 U.S.C. SECTION 227, ET SEQ.

30.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.  Using prohibited equipment and without prior express written consent, the Defendant JcPenney Inc., contacted the Plaintiff within the last four years at least over two-hundred (200) times by means of automatic text messaging to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

## COUNT III-PAYLESS SHOE SOURCE INC., VIOLATIONS OF TCPA 47 U.S.C. SECTION 227, ET SEQ.

32.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Using prohibited equipment and without prior express written consent, the Defendant Payless Shoe Source Inc., contacted the Plaintiff within the last four years at least over two-hundred (200) times by means of automatic text messaging to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

## PRAYER FOR RELIEF ON ALL COUNTS

a) Assessing against Defendant Belk Inc., damages of $500 for each of the two-hundred (200) violations of the TCPA found by the Court to have been committed by the Defendant, as provided by 47 U.S.C. §227 et seq;

8

b) Assessing against Defendant JcPenney Inc., damages of $500 for each of the

two-hundred (200) violations of the TCPA found by the Court to have been

committed by the Defendant, as provided by 47 U.S.C. §227 et seq;

c) Assessing against Defendant Payless Shoe Source Inc., damages of $500 for

each of the two-hundred (200) violations of the TCPA found by the Court to have

been committed by the Defendant, as provided by 47 U.S.C. §227 et seq;

d) Assessing against Defendants all costs incurred by the plaintiff; and

e) A trial by jury on all issues so triable;

Respectfully submitted,

Dorothy R. Shepard

357 Victoria Lane
Stockbridge, GA 30281
(678-357-4004)
rshepard775@gmail.com