UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DOROTHY SHEPARD,

    Plaintiffs,

v.

BELK, INC., *et al.*,

    Defendants.

CIVIL ACTION NO.

1:18-CV-01244-CAP

## O R D E R

The plaintiff filed the instant pro se action, alleging that the defendants repeatedly violated the Telephone Consumer Protection Act ("TCPA") by each sending her more than 200 texts messages via an automated telephonic device without her consent. A magistrate judge granted the plaintiff's request to proceed in forma pauperis ("IFP"). The matter is now before the court for a frivolity review.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss [an IFP claim] at any time if the court determines that the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A claim is frivolous if it is without arguable merit either in law or fact. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989).

As an initial matter, the court finds that the plaintiff's allegations state a claim as under the TCPA. "The TCPA prohibits the use of an automatic telephone dialing system to 'make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) . . . to any telephone number assigned to a . . . cellular telephone service.'" *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1305 (11th Cir. 2015) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)). Text messages qualify as calls for purposes of that prohibition. *Id.* (citing *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003). Here, the plaintiff alleges that each of the named defendants sent her at least 200 text messages via an automatic telephonic device. She further states that she did not provide prior written consent to receiving these messages. Therefore, the plaintiff's allegations are sufficient to state a claim for relief under the TCPA.

However, the court also finds that the plaintiff's complaint is subject to misjoinder such that this case should be severed and separate actions should be filed against each defendant.  Federal Rule of Civil Procedure ("Rule") 20 permits a plaintiff to join claims against multiple defendants if the claims "aris[e] out of the same transaction, occurrences, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."  Fed. R. Civ. P. 20(a).  A party seeking joinder must show: (1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined.  *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds*, *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003).

Here, the plaintiff fails to satisfy the requirements for permissive joinder.  She alleges that each of the defendants individually sent her hundreds of text messages via an automated machine, but she makes no showing of how their actions are related.  Nothing in the complaint suggests that the defendants acted jointly.  The only commonality is that they each sent her messages allegedly in violation of the TCPA.  That they each individually engaged in the same type of misconduct does not mean that her claims against them arise out of the same transaction or occurrence or are

3

logically related. The plaintiff's various claims are therefore due to be severed such that this action may continue only as to the first named defendant, Belk, Inc., and the plaintiff should file separate actions against the remaining defendants, J.C. Penney Corporation Inc. and Payless Shoe Source Inc. *See Tacoronte v. Zakheim & Assocs., P.A.*, No. 6:10-CV-1408, 2010 WL 5209334, at *1 (M.D. Fla. Dec. 16, 2010).

Accordingly, the plaintiff's claims against the various defendants are **SEVERED** with this action continuing only as to the first named defendant, Belk, Inc., and the plaintiff is **DIRECTED** to file a separate action against each of the remaining defendants J.C. Penney Corporation Inc. and Payless Shoe Source Inc., if she wishes. As to the first named defendant, Belk Inc., the court finds that the plaintiff has stated a claim for relief, meaning that this action is not frivolous and may proceed as any other civil action. The plaintiff is **DIRECTED** to serve the complaint on the defendant Belk, Inc., in accordance with the Federal Rules of Civil Procedure and the Local Rules of this court as if the date of the complaint were the docketing date of this order. The clerk is **DIRECTED** to terminate the defendants J.C. Penney Corporation Inc. and Payless Shoe Source Inc. as parties to this action.

**SO ORDERED**, this 19th day of September, 2018.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge

5