# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **DOROTHY R. SHEPARD** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action File** |
| | ) | **No.  1:18-CV-1244** |
| **v.** | ) | |
| | ) | |
| **BELK, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ANSWER AND DEFENSES OF DEFENDANT BELK, INC.

Defendant Belk, Inc. ("Belk") answers the numbered allegations of Plaintiff's Complaint as follows:

## NATURE OF THIS ACTION

**1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Defendant, to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on her cellular telephone without her prior express written consent within the meaning of the TCPA. This is an action for actual and statutory**

1718395.1

**damages for violations of the Telephone Consumer Protection Act**

**(hereinafter, "TCPA"), 47 U.S.C. section 227** *et seq.*[1]

**RESPONSE:**

Belk admits that Plaintiff purports to make the allegations in this paragraph and otherwise denies this paragraph.

## JURISDICTION & VENUE

**2. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331.**

**RESPONSE:**

The allegations in this paragraph call for a legal conclusion, and thus no response is required.  To the extent a response is required, Belk admits that this Court has federal question jurisdiction over matters arising under the TCPA.  Belk denies any remaining allegations in this paragraph.

**3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).**

**RESPONSE:**

The allegations in this paragraph call for a legal conclusion, and thus no response is required.  To the extent a response is required, Belk denies the allegations in this paragraph.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 1 02-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

1718395.1

## PARTIES

**4. Dorothy R. Shepard, (hereinafter, Plaintiff) is a natural person at all relevant times residing in county of Henry, State of Georgia.**

**RESPONSE:**

Belk lacks information sufficient to admit or deny the allegations in this paragraph, and therefore denies them.

**5. Defendant Belk Inc., is a domestic company with a corporate headquarters located at 2801 W. Tyvola Rd, Charlotte, NC, 28217.**

**RESPONSE:**

Belk admits that it is a Delaware Corporation with its corporate headquarters at 2801 West Tyvola Rd. Charlotte, North Carolina, 28217.   Belk denies any remaining allegations in this paragraph.

**6. Defendant JCPENNEY INC., is a domestic company with a corporate headquarters located at 6501 Legacy Dr, Plano, TX 75024.**

**RESPONSE:**

Belk states that this paragraph relates to a defendant that was severed from this matter by the Court's Order dated September 20, 2018, and thus no response to this paragraph is required. To the extent any response is required, Belk lacks sufficient information to admit or deny the allegations in this paragraph.

1718395.1

**7. Defendant PAYLESS SHOE SOURCE INC., is a domestic company with a corporate headquarters located at 3231 S. E. Sixth St, Topeka, KS 66607.**

**RESPONSE:**

Belk states that this paragraph relates to a defendant that was severed from this matter by the Court's Order dated September 20, 2018, and thus no response to this paragraph is required. To the extent any response is required, Belk lacks sufficient information to admit or deny the allegations in this paragraph.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 {TCPA) 47 U.S.C §227

**8. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity' ... (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(l). Specifically, the plain language of section 227(b)(l)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.**

**RESPONSE:**

The allegations in this paragraph call for a legal conclusion, and thus no response is required.  To the extent a response is required, Belk denies the allegations in this paragraph.

1718395.1

**9. Each Defendant has sent out thousands of unlawful text messages in violation of the TCPA.  By effectuating these unauthorized text message calls (also known as "SMS Messages"), Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies mobile spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such spam and such messages diminish cellular battery life, waste data storage capacity, and are an intrusion upon seclusion.**

**RESPONSE:**

To the extent this paragraph refers to defendants that were severed from this matter by the Court's Order dated September 20, 2018, no response is required. To the extent any response is required, Belk lacks sufficient information to admit or deny the allegations in this paragraph relating to other defendants.  The allegations in this paragraph also call for legal conclusions, and thus no response is required.  To the extent a response is required, Belk denies the allegations in this paragraph. Belk denies any remaining allegations in this paragraph.

**10. A short code is sent to consumers along with the actual text message and conclusively reveals the originator of the SMS message.**

1718395.1

- 5 -

**RESPONSE:**

To the extent this paragraph refers to defendants that were severed from this matter by the Court's Order dated September 20, 2018, no response is required. To the extent any response is required, Belk lacks sufficient information to admit or deny the allegations in this paragraph relating to other defendants.  Belk admits that certain SMS messages are sent using a code that can be used to identify the sender of the SMS message.  Belk denies any remaining allegations in this paragraph.

**11. In order to redress these injuries, Plaintiff brings this suit under the TCPA, which specifically prohibits unsolicited voice and text calls to cell phones.  All three Defendants, has sent unwanted text messages in a manner which violates the right of privacy of all consumers.**

**RESPONSE:**

To the extent this paragraph refers to defendants that were severed from this matter by the Court's Order dated September 20, 2018, no response is required. To the extent any response is required, Belk lacks sufficient information to admit or deny the allegations in this paragraph relating to other defendants.  The allegations in this paragraph also call for legal conclusions, and thus no response is required.  To the extent a response is required, Belk denies the allegations in this paragraph.

**12. Text messages are "calls" within the context of the TCPA.  See ...**

**Satterfield v. Simon & Schuster, Inc., 569 F .3d (9th Cir. 2009).**

**RESPONSE:**

The allegations in this paragraph call for a legal conclusion, and thus no response

is required.  To the extent a response is required, Belk denies the allegations in this

paragraph.

## FEDERAL COMMUNICATIONS COMMISSION (FCC)

**13. The Federal Communications Commission (FCC) is the agency that**

**Congress vested with the authority to issue regulations implementing the**

**TCPA. The FCC Report and Order gave all Companies until October 16,**

**2013, to obtain "prior express written consent" before making a**

**telemarketing call to a wireless number (either consumer or business) using**

**an automated dialing system or an artificial or prerecorded voice, or before**

**calling a residential line using such a voice to deliver the message."  Further,**

**the FCC interprets text messages to be "calls" under the TCPA, therefore,**

**prior express written consent is required for both calls and texts.**

**RESPONSE:**

The allegations in this paragraph call for a legal conclusion, and thus no response

is required.  To the extent a response is required, Belk admits that the FCC issues

regulations and states that the regulations speak for themselves.  Belk denies any remaining allegations in this paragraph.

**14. The FCC Order 12-21 at 1844, para 35-49 (2012) eliminated the Established Business Relationship (EBR).  Specifically, 47 CFR 64.1200. Quoting the Order ... Small businesses will not be able to rely on the EBR exemption as a proxy for consent to make telemarketing calls and instead will have to secure prior express written consent from consumers.**

**RESPONSE:**

The allegations in this paragraph call for a legal conclusion, and thus no response is required.  To the extent a response is required, Belk admits that the FCC issues regulations and orders and states that such orders and regulations speak for themselves.  Belk denies any remaining allegations in this paragraph.

**15. In 2015, the FCC Order further defined the so-called "call-to-action" texts ... where a consumer requests a code or information to get a discount on merchandise. This type of one-time text message sent immediately after a consumer's request does not violate the TCPA.  The FCC reasoned that this type of responsive text is not "telemarketing," but rather "fulfillment of the consumer's request to receive the text," and that a call-to-action text does not run afoul of the TCPA so long as it "(1) is requested by the consumer; (2) is a**

**one-time only message sent immediately in response to a specific consumer request; and (3) contains only the information requested by the consumer with no other marketing or advertising information.  If a business sends more than a single text as a response to the consumer, however, our rules require prior express written consent with the specified disclosures."** *In re Rules & Regs. Implementing the TCPA of 1991, 30 FCC Rcd. 7961, 8015-16 (2015) ("July 2015 Order").*

<u>**RESPONSE:**</u>

The allegations in this paragraph call for a legal conclusion, and thus no response is required.  To the extent a response is required, Belk admits that the FCC issues regulations and orders and states that such orders and regulations speak for themselves.  Belk denies any remaining allegations in this paragraph.

<u>**ALLEGATIONS OF FACT FOR ALL DEFENDANTS**</u>

**16. Plaintiff began receiving text messages from a short code belonging to Defendant Belk Inc., with a number of 23551 for discounts on merchandise as far back as she can remember.**

<u>**RESPONSE:**</u>

Belk denies that the short code 23551 "belongs to Defendant Belk, Inc."  Belk further states that its text message program is carried out by Belk Ecommerce LLC

under a contract with a third party vendor.  Belk admits that this text message

program uses the short code 23551.  Belk further admits that its vendor's business

records reflect that text messages were sent to a mobile number that, on

information and belief, belongs to Plaintiff.  Belk further states that Plaintiff

consented and indeed requested to receive these messages. Belk lacks sufficient

information to admit or deny any remaining allegations in this paragraph, and

therefore denies them.

**17. All of the text messages that she received were similar in nature and stated:**

**"BELK: BOGO is back! Buy 1, get 1 50% Off storewide! Beauty is Buy 1, Get 30% Off. No coupon req'd. Excl Apply.**

<u>**RESPONSE:**</u>

Belk admits that its vendor's business records reflect that text messages were sent

to a mobile number that, on information and belief, belongs to Plaintiff.  Belk

further states that Plaintiff consented and indeed requested to receive these

messages.  Belk denies any remaining allegations in this paragraph.

**18. Upon information and belief, Plaintiff received these type of text messages**

**for the last four years from short code #23551 up until the present day of**

**2018.**

**RESPONSE:**

Belk admits that its vendor's business records reflect that text messages were sent from short code 23551 to a mobile number that, on information and belief, belongs to Plaintiff.  Belk further states that Plaintiff consented and indeed requested to receive these messages.  Belk denies any remaining allegations in this paragraph.

**19. Plaintiff began receiving text messages from a short code belonging to Defendant JcPenney Inc., with a number of 527365 for discounts on merchandise as far back as she can remember.**

**RESPONSE:**

This paragraph relates to a defendant that was severed from this matter by the Court's Order dated September 20, 2018, and thus no response to this paragraph is required. To the extent any response is required, Belk lacks sufficient information to admit or deny the allegations in this paragraph.

**20. All of the text messages that she received were similar in nature and stated:**

**"Prices so low you don't need a coupon! Up to 60%, off select apparel, home, shoes & accessories thru 2/25. In store only: http://spr.ly/dtl. 21.**

**RESPONSE:**

This paragraph relates to a defendant that was severed from this matter by the Court's Order dated September 20, 2018, and thus no response to this paragraph is

required. To the extent any response is required, Belk lacks sufficient information to admit or deny the allegations in this paragraph.

**21. Upon information and belief, Plaintiff received these type of text messages for the last four years from short code #527365 up until the present day of 2018.**

**RESPONSE:**

This paragraph relates to a defendant that was severed from this matter by the Court's Order dated September 20, 2018, and thus no response to this paragraph is required. To the extent any response is required, Belk lacks sufficient information to admit or deny the allegations in this paragraph.

**22. Plaintiff began receiving text messages from a short code belonging to Defendant Payless Shoe Source Inc., with a number of 747474 for discounts on merchandise as far back as she can remember.**

**RESPONSE:**

This paragraph relates to a defendant that was severed from this matter by the Court's Order dated September 20, 2018, and thus no response to this paragraph is required. To the extent any response is required, Belk lacks sufficient information to admit or deny the allegations in this paragraph.

**23. All of the text messages that she received were similar in nature and stated:**

**"PAYLESS EXTRA 25% off. Spring has Sprung! Shop New Arrivals & Must haves for the season Now! 251609738 or http://bit.ly/2D91g2H Exp2/25/18 Reply Help=Help**

**RESPONSE:**

This paragraph relates to a defendant that was severed from this matter by the Court's Order dated September 20, 2018, and thus no response to this paragraph is required. To the extent any response is required, Belk lacks sufficient information to admit or deny the allegations in this paragraph.

**24. Upon information and belief, Plaintiff received these types of text messages for the last four years from short code #747474 up until the present day of 2018.**

**RESPONSE:**

This paragraph relates to a defendant that was severed from this matter by the Court's Order dated September 20, 2018, and thus no response to this paragraph is required. To the extent any response is required, Belk lacks sufficient information to admit or deny the allegations in this paragraph.

**25. After October 2013 deadline, and over the last four years, Plaintiff received over two-hundred (200) sms or text messages separately from each of the named Defendants.**

1718395.1

**RESPONSE:**

To the extent this paragraph refers to defendants that were severed from this matter by the Court's Order dated September 20, 2018, no response is required. To the extent any response is required, Belk lacks sufficient information to admit or deny the allegations in this paragraph relating to other defendants.  The allegations in this paragraph also call for legal conclusions, and thus no response is required.  To the extent a response is required, Belk admits that its vendor's business records reflect that text messages were sent to a mobile number that, on information and belief, belongs to plaintiff.  Belk further states that Plaintiff consented and indeed requested to receive these messages.  Belk denies any remaining allegations in this paragraph.

**26. Plaintiff suffered a concrete and real invasion of Plaintiffs legally protected privacy rights through Defendant's violation of the TCPA.**

**RESPONSE:**

To the extent this paragraph refers to defendants that were severed from this matter by the Court's Order dated September 20, 2018, no response is required. To the extent any response is required, Belk lacks sufficient information to admit or deny the allegations in this paragraph relating to other defendants.  Belk denies any remaining allegations in this paragraph.

1718395.1

**27. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time she received a text message call from the Defendants.**

**RESPONSE:**

To the extent this paragraph refers to defendants that were severed from this matter by the Court's Order dated September 20, 2018, no response is required. To the extent any response is required, Belk lacks sufficient information to admit or deny the allegations in this paragraph relating to other defendants.  Belk denies any remaining allegations in this paragraph.

## COUNT I-DEFENDANT BELK, INC., VIOLATIONS OF TCPA
## 47 U.S.C. SECTION 227, ET SEQ.

**28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.**

**RESPONSE:**

Belk incorporates its responses to all of the above paragraphs of this Complaint as though fully stated here.

**29. Using prohibited equipment and without prior express written consent, the Defendant Belk Inc., contacted the Plaintiff within the last four years at**

least over two-hundred (200) times by means of automatic text messaging to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

**RESPONSE:**

Denied.

## COUNT II-DEFENDANT JCPENNEY INC., VIOLATIONS OF TCPA 47 U.S.C. SECTION 227, ET SEQ.

**30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.**

**RESPONSE:**

Belk incorporates by reference its responses to all of the above paragraphs of this Complaint as though fully stated here.

**31. Using prohibited equipment and without prior express written consent, the Defendant JcPenney Inc., contacted the Plaintiff within the last four years at least over two-hundred (200) times by means of automatic text messaging to a cell phone or pager in violation of 47 U.S.C. §227(b)(l)(A)(iii).**

**RESPONSE:**

This paragraph relates to a defendant that was severed from this matter by the Court's Order dated September 20, 2018, and thus no response to this paragraph is required. To the extent any response is required, Belk lacks sufficient information to admit or deny the allegations in this paragraph.

1718395.1

## COUNT III-DEFENDANT PAYLESS SHOE SOURCE INC., VIOLATIONS OF TCPA 47 U.S.C. SECTION 227, ET SEQ.

**32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.**

**RESPONSE:**

Belk incorporates by reference its responses to all of the above paragraphs of this Complaint as though fully stated here.

**33. Using prohibited equipment and without prior express written consent, the Defendant Payless Shoe Source Inc., contacted the Plaintiff within the last four years at least over two-hundred (200) times by means of automatic text messaging to a cellphone or pager in violation of 47 U.S.C. §227(b)(l)(A)(iii).**

**RESPONSE:**

This paragraph relates to a defendant that was severed from this matter by the Court's Order dated September 20, 2018, and thus no response to this paragraph is required. To the extent any response is required, Belk lacks sufficient information to admit or deny the allegations in this paragraph.

## PRAYER FOR RELIEF ON ALL COUNTS

**a) Assessing against Defendant Belk Inc., damages of $500 for each of the two-hundred (200) violations of the TCPA found by the Court to have been committed by the Defendant, as provided by 47 U.S.C. §227 et seq;**

1718395.1

**b) Assessing against Defendant JcPenney Inc., damages of $500 for each of the two-hundred (200) violations of the TCPA found by the Court to have been committed by the Defendant, as provided by 47 U.S. C. §227 et seq;**

**c) Assessing against Defendant Payless Shoe Source Inc., damages of $500 for each of the two-hundred (200) violations of the TCPA found by the Court to have been committed by the Defendant, as provided by 47 U.S.C. §227 et seq;**

**d) Assessing against Defendants all costs incurred by the plaintiff; and**

**e) A trial by jury on all issues so triable;**

**<u>RESPONSE</u>:**

Belk denies that Plaintiff is entitled to any of the enumerated relief whatsoever, and denies any and all allegations in this paragraph.  To the extent this paragraph refers to defendants that were severed from this matter by the Court's Order dated September 20, 2018, no response is required. To the extent any response is required, Belk lacks sufficient information to admit or deny the allegations in this paragraph relating to other defendants.

<b><u>DEFENSES</u></b>

Belk hereby states the following defenses to the Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law.  Belk further reserves the right to amend or add to this list of defenses as

provided by law and if discovery reveals such amendment or addition is appropriate.

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred in part by the applicable statute of limitations.

## THIRD DEFENSE

The provisions of the TCPA and interpreting regulations on which Plaintiff rely violate the equal protection and due process guarantees of the U.S. Constitution.  Without limiting this defense, Belk states that there is no rational basis to impose enormous strict liability for calls or text messages made by an automatic or predictive dialer when the identical number of calls or text messages to the same telephone number with the same content would be lawful if dialed with different equipment.

## FOURTH DEFENSE

Recovery of the damages sought by Plaintiff would violate the due process guarantees of the U.S. Constitution because those damages would exceed any constitutionally permissible relationship to any actual damages suffered by Plaintiff.

## **FIFTH DEFENSE**

Plaintiff consented to receiving text messages on her cellular telephone. This defense is asserted in the alternative to the argument that lack of consent is an element of a plaintiff's TCPA claim.

## **SIXTH DEFENSE**

Plaintiff lacks standing, including an injury cognizable under Article III of the U.S. Constitution, to assert the claims alleged in the Complaint.

## **SEVENTH DEFENSE**

The claims of Plaintiff are barred or diminished due to plaintiff's failure to mitigate damages.

## **EIGHTH DEFENSE**

The TCPA does not reach and was not intended to reach the collection of criminal or quasi-criminal fines by or on behalf of government entities.

## **NINTH DEFENSE**

Belk SMS text message system is not an "automatic telephone dialing system" under the TCPA because the telephone system does not use a "random or sequential number generator" to store or produce numbers.  The numbers that are called are not generated randomly or sequentially.

1718395.1

**TENTH DEFENSE**

To the extent that the TCPA is construed to reach the sending of a text message using the relevant system employed by Belk, it would violate the due process guarantees of the U.S. Constitution because the statue does not provide sufficient notice that this conduct is subject to its terms.

**ELEVENTH DEFENSE**

Plaintiff may have waived any claim for special, incidental, or consequential damages.

This 23rd day of October, 2018.

*Jason J. Carter*
Jason J. Carter
Georgia Bar No. 141669

BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street
Suite 3900
Atlanta, GA  30309
Phone:  404-881-4100
Fax:  404-881-4111
carter@bmelaw.com

*Attorneys for Defendant Belk, Inc.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the Local Rules for the District Court for the Northern District of Georgia, I hereby certify that the foregoing pleading has been prepared in Times New Roman, 14 point font, as permitted by Local Rule 5.1B.

This 23rd day of October, 2018.

*/s/ Jason J. Carter*
Jason J. Carter

1718395.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of October, 2018, the foregoing **Answer and Defenses of Defendant Belk, Inc.** was filed with the Clerk of the United States District Court, Northern District of Georgia, using the CM/ECF system, which shall send notification of such filing to parties of record and further I caused to be placed a true and correct copy of same, with proper postage affixed thereto, in the United States Mail and addressed as follows:

Dorothy R. Shepard
357 Victoria Lane
Stockbridge, GA  30281

*Jason J. Carter*
Jason J. Carter